[No. 2310.]

STOCK v. SCHLEWING.

**1.  Appellate Practice—Evidence—Verdict.**

An assignment of error asking for the reversal of a judgment on the ground that the verdict was contrary to the evi-

dence, and was the result of passion and prejudice, will not be considered where the evidence was contradictory and the record discloses sufficient testimony to sustain the verdict, and there is nothing in the record to indicate that the jury was swayed in its determination by passion or prejudice.

2.   Appellate Practice—Instructions—Considered as a Whole.

When the instructions in a case considered as a whole fairly state the law of the case, the fact that some of the instructions when considered separately and alone may be subject to objection, is not ground for reversal.

*Appeal from the County Court of El Paso County.*

Messrs. ORR & McKESSON, for appellant.

No appearance for appellee.

MAXWELL, J.

Appellee commenced her suit against appellant in the court of a justice of the peace of El Paso county, to recover the value of certain goods and chattels which she had sold and delivered to him, and which the appellant had failed and refused to pay for. Judgment was rendered against appellant, in the justice's court, appeal by him taken and prosecuted to the county court of El Paso county, where judgment upon the verdict of a jury was also rendered against him, from which he appeals to this court.

The testimony on behalf of appellee consists of her own testimony, which was to the effect, that she sold the goods to the appellant at a price to be agreed upon; that appellant took possession of the goods; that no price was agreed upon; that when she demanded pay, appellant returned a portion of the goods, which she refused to receive; there was also testimony as to the value of the goods.

Appellant contradicts appellee upon almost every material point, although upon the question of a sale, his testimony tends to corroborate appellee.

Testimony was also introduced by appellant as to the value of the goods.

Two juries, by their verdicts, have found the facts in this case against appellant. The record discloses sufficient testimony to sustain the verdict. The well-settled and oft-repeated rule of the appellate courts of this jurisdiction precludes the weighing of testimony by this court, to determine whether or not the verdict of the jury was justified, where there is sufficient evidence to sustain the verdict.

We shall, therefore, decline to discuss or consider the first ground relied upon by appellant for a reversal of the judgment in this case, to wit, that the verdict was contrary to the evidence, and was the result of passion and prejudice. There is nothing whatever in the record to indicate that the jury was swayed in its determination by passion or prejudice.

The law of the case was very fully and fairly presented to the jury by the court in sixteen instructions; appellant excepted to the giving of each and every instruction, and assigns error thereon here, but confines himself in his brief and argument to the discussion of three of the sixteen instructions given.

While it is possible that those three instructions, considered separately and alone, may be subject to technical objections, we believe that the instructions as a whole present the law of the case in a remarkably clear and fair manner, and that appellant has no ground for complaint upon this score.

The objections urged by appellant are extremely technical, as shown by the fact that he objects to one instruction by reason of the use of the word "or" instead of the use of the word "and," when an examination of the same instruction shows that in the same connection "and" was used in the first part of the instruction, and the use of "or" in the latter part of

the instruction, to which exception is taken, could not have misled the jury.

Objection is also made to the ruling of the court in the admission and rejection of evidence. Under this objection appellant urges in his brief and argument the refusal of the court to permit the plaintiff to answer a single question. We are clearly of the opinion that the testimony sought to be elicited by this question was immaterial and could have had no possible effect upon the jury.

There being no error in the record, the judgment will be affirmed. *Affirmed.*